# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KEVIN SHACKLES

### DEFENDANTS
EMPIRE BEAUTY SCHOOL, INC.

**(b)** County of Residence of First Listed Plaintiff: **Berks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mansour Law, LLC
1101 W. Hamilton St., Ste. 205
Allentown, PA 18101 Tel: (610) 321-3538

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 621, et seq. (ADEA); 42 U.S.C. 2000e, et seq. (Title VII)

Brief description of cause:
Age discrimination; sex discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 04/04/2021
SIGNATURE OF ATTORNEY OF RECORD: *William P. Mansour*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1504 Huron Drive, Sinking Spring, PA 19608__

Address of Defendant: __396 Pottsville-St. Clair Highway, Pottsville, PA 17901__

Place of Accident, Incident or Transaction: __Pottsville, Schuylkill County, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/04/2021__  __/s/ William P. Mansour__  __318833__
                     Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __William P. Mansour__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __04/04/2021__  __/s/ William P. Mansour__  __318833__
                     Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Kevin Shackles | : | CIVIL ACTION |
| v. | : | |
| Empire Beauty School, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 04/04/2021 | William P. Mansour | Kevin Shackles |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 321-3538 | (610) 798-1345 | wpm@themansourfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN SHACKLES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EMPIRE BEAUTY SCHOOL, INC., ) <br> ) <br> Defendant. ) | No. _____ <br><br> CIVIL ACTION – LAW <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES, Plaintiff KEVIN SHACKLES ("Plaintiff"), by and through his undersigned counsel, who hereby complains against Defendant EMPIRE BEAUTY SCHOOL, INC. ("Defendant") as follows:

**INTRODUCTION**

1. This age-based and sex-based employment discrimination action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA") and Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). Specifically, as set forth in more detail herein, Plaintiff alleges that Defendant discharged him from his employment because of his age and sex, in violation of the foregoing statutes.

**PARTIES**

2. Plaintiff is an adult male individual currently residing in Sinking Spring, Berks County, Pennsylvania. At all times relevant and material hereto, Plaintiff was fifty-eight (58) years of age.

3. Defendant owns and operates a national chain of cosmetology schools with locations in twenty-one (21) states. Defendant is a Pennsylvania for-profit corporation with its principal place of business located at 396 Pottsville-St. Clair Highway, Pottsville, PA 17901.

At all times relevant and material hereto, Defendant regularly employed at least twenty (20) employees for each working day of at least twenty (20) calendar weeks in 2020 and 2019.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because Defendant regularly conducts business within this district.

6. On October 16, 2020, Plaintiff timely filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

7. On February 26, 2021, the EEOC issued Plaintiff a Notice of Right to Sue, a copy of which is attached hereto as **EXHIBIT A.** This action is being commenced within ninety (90) days of Plaintiff's receipt of that Notice.

8. Plaintiff has satisfied all other conditions precedent to the filing of this action.

## FACTUAL ALLEGATIONS

9. Defendant hired Plaintiff in or around February 2004 as its Director of Operations. Defendant employed Plaintiff until permanently laying him off in or around December 2016. During this first period of employment, Plaintiff held various different positions, including Director of Operations, Regional Director of Operations, and Vice President of Academics/Career Services.

10. In or around April 2019, Defendant's Chairman and CEO, Frank Schoeneman, re-hired Plaintiff as a "floating" Executive Director. In this role, Plaintiff was responsible for performing the duties of other Executive Directors who were absent on leave.

11. In July 2019, Defendant named Plaintiff as the Executive Director at Defendant's Whitehall, PA school. Plaintiff remained in that position until approximately March 2020.

12. The position of "Executive Director" is analogous to a school principal or college dean. As Executive Director, Plaintiff was responsible for, among other things, creating and enforcing school policies, improving customer service, evaluating school retention and attendance, and ensuring that the school complied with state laws and regulations.

13. As Executive Director, Plaintiff was earning a salary of $70,000.00 per year.

14. In March 2020, Defendant, by and through then-Chief Operations Officer Jon Coover, appointed Plaintiff to the position of Division Vice President ("DVP") for all of Defendant's Pennsylvania schools.

15. When Mr. Coover informed Plaintiff of his promotion to DVP, he told Plaintiff that he would be receiving an increased salary of $100,000.00, consistent with the salaries of other DVPs.

16. As DVP, Plaintiff was responsible for overseeing the operations of all of Defendant's Pennsylvania schools. In June 2020, Plaintiff also became responsible for overseeing the operations of all of Defendant's New Jersey schools

17. As DVP, Plaintiff was responsible for directly supervising four (4) state Senior Directors: (1) Janette Zellers, a female around 40 years of age; (2) Cidoney Edwards, a female in her late 30s; (3) Lisa Manning, a female around 40 years of age; and (4) Pasquale Fitapaldi, a male in his late 50s.

18. In his role as DVP of Pennsylvania and New Jersey schools, Plaintiff excelled. He increased student admission beyond Defendant's stated goal, successfully obtained re-accreditation, and created a more positive and productive working environment focused on students and staff members. He never once received criticism of his job performance or any formal counseling or discipline related to his job performance.

19. Shortly after being promoted, the Governor Tom Wolf's business closure order shut down all of Defendant's schools.

20. A few weeks after Defendant's schools shut down, Mr. Schoeneman informed Plaintiff, among other employees, that Defendant would be receiving a loan under the federal Paycheck Protection Program ("PPP"). Mr. Schoeneman further informed Plaintiff and his colleagues that, in accordance with the terms of the loan, no employee would be paid more than $100,000.00.

21. At this point, Plaintiff had still not received his $30,000.00 salary increase and asked Defendant's CFO, Joseph Piaza, whether and when he can expect to receive that increase. He was told that, given the business disruption and uncertainty caused by the COVID-19 pandemic, he would have to wait for his salary increase.

22. In or around June 2020, once Defendant's PPP loan exhausted and its schools reopened, Defendant increased Plaintiff's salary to $100,000.00 per year consistent with his promotion to DVP.

23. Plaintiff's performance as DVP was so good that, on August 12, 2020, Defendant gave Plaintiff a $20,000.00 annual pay increase, which was equal to 20% of his previous $100,000.00 annual salary. He was now earning $120,000.00 annually.

24. Upon learning of his pay raise, Plaintiff sent a text to Defendant's COO, Karie Schoeneman, to thank her. She responded that Plaintiff's raise was "much deserved."

25. However, this pay raise did not last long. On September 1, 2020, suddenly and without any warning, Mr. Schoeneman called Plaintiff to inform him that he was being discharged from his employment. When Plaintiff asked Mr. Schoeneman why he was being discharged, Mr. Schoeneman replied that Plaintiff's "old management style" was not working and that Defendant needed a DVP with "newer and fresher ideas." Plaintiff understood these statements to be euphemisms for his older age.

26. Mr. Schoeneman told Plaintiff that "you can blame me" for the decision, which Plaintiff understood to mean that someone other than, or in addition to, Mr. Schoeneman made the decision to discharge Plaintiff, but that Mr. Shoeneman was willing to accept the blame.

27. Upon information and belief, Ms. Schoeneman was also involved in Defendant's decision to discharge Plaintiff from his employment.

28. One (1) week after discharging Plaintiff, Defendant furloughed the only male Senior Director in New Jersey, Mr. Fitapaldi, and replaced him with former Executive Director of the Philadelphia school, Heather Moffitt. At the time she was appointed to Mr. Fitapaldi's Senior Director position, Ms. Moffitt was in her late 30s and substantially younger than Mr. Fitapaldi.

29. Upon information and belief, Mr. Fitapaldi is currently still furloughed.

30. About one (1) month after Defendant discharged Plaintiff, it assigned most or all of his former DVP job duties with respect to Pennsylvania schools to Ms. Zellers. At the time she assumed Plaintiff's prior job duties, Ms. Zellers was around 40 years of age and substantially younger than Plaintiff.

**COUNT I**
**AGE-BASED DISCRIMINATORY DISCHARGE IN VIOLATION OF**
**29 U.S.C. § 623(a)(1), THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

31. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

32. At the time of his discharge, Plaintiff was fifty-eight (58) years of age.

33. At the time of his discharge, Plaintiff was qualified for the position of DVP and was performing his job duties satisfactorily.

34. On September 1, 2020, Plaintiff was discharged from his position as DVP.

35. Following his discharge, Plaintiff's job duties were promptly assigned to a female employee approximately 40 years of age and substantially younger than Plaintiff.

36. Defendant discharged Plaintiff because of his age.

37. Defendant's decision to discharge Plaintiff was not based on any reasonable factor other than Plaintiff's age.

38. Defendant discharged Plaintiff willfully or with reckless disregard for Plaintiff's rights under federal law.

39. As a direct and proximate result of Defendant's decision to discharge him, Plaintiff suffered past and future lost wages and loss of earning capacity.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant and award the following relief:

 a. All back pay from September 1, 2020 through the date of judgment, plus pre- and post-judgment interest;

 b. Front pay from the date of judgment through a date deemed equitable and just by the court;

 c. Liquidated damages in an amount equal to the back pay award;

 d. All costs and reasonable attorney's fees; and

 e. Any other relief deemed proper and just.

## COUNT II
### SEX-BASED DISCRIMINATORY DISCHARGE IN VIOLATION OF 42 U.S.C. § 2000e-2(a)(1), TITLE VII OF THE CIVIL RIGHTS OF 1964

40. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

41. Plaintiff is a male.

42. At the time of his discharge, Plaintiff was qualified for the position of DVP and was performing his job duties satisfactorily.

43. On September 1, 2020, Plaintiff was discharged from his position as DVP.

44. Following his discharge, Plaintiff's job duties were promptly assigned to a Ms. Zellers, a female employee. Upon information and belief, Ms. Zellers continues to perform most or all of Plaintiff's former job duties within Pennsylvania.

45. Defendant discharged Plaintiff because of his sex.

46. Defendant's decision to discharge Plaintiff was not based on any legitimate, non-discriminatory reasons.

47. As a direct and proximate result of Defendant's decision to discharge him, Plaintiff suffered past and future lost wages and loss of earning capacity.

48. As a direct and proximate result of Defendant's decision to discharge him, Plaintiff suffered emotional distress, mental anguish, embarrassment, and financial insecurity.

49. Defendant discharged Plaintiff willfully, maliciously, or with reckless disregard for Plaintiff's rights under federal law.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant and award the following relief:

    a. All back pay from September 1, 2020 through the date of judgment, plus pre- and post-judgment interest;

    b. Front pay from the date of judgment through a date deemed equitable and just by the court;

    c. Compensatory damages in an amount to be determined by a jury;

    d. Punitive damages in an amount to be determined by a jury;

    e. All costs and reasonable attorney's fees; and

    f. Any other relief deemed proper and just.

## **DEMAND FOR JURY TRIAL**

**PLEASE TAKE NOTICE** that Plaintiff KEVIN SHACKLES hereby demands a trial by jury for all claims so triable.

*Respectfully Submitted*,

**MANSOUR LAW, LLC**

Date: April 4, 2021          BY:     */s/ William P. Mansour*
William P. Mansour, Esquire
Pa. Attorney ID No. 318833
**Mansour Law, LLC**
1101 W. Hamilton St., Ste. 205
Allentown, PA 18101
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

Attorney for Plaintiff Kevin Shackles