## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| Kevin Shackles | : | Civil Action No. 5:21-cv-01587 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Empire Beauty School, Inc. | : | |
| | : | |
| Defendant | : | |
| | : | |

## **ORDER**

AND NOW, this 17th day of August, 2021, upon consideration of the parties'
Confidentiality Agreement, in particular the representations made by the parties therein relating
to the nature of the personal, proprietary, and/or confidential information at issue in this matter,
and the Court finding that:

(a)      Courts in the Third Circuit must balance the private and public interests in
disclosure, including, but not limited to, whether:  (1) such disclosure will violate any privacy
interests; (2) the information is being sought for a legitimate or improper purpose; (3) disclosure
will cause a party embarrassment; (4) confidentiality is being sought over information important
to public health or safety; (5) the sharing of information among the litigants will promote
fairness and efficiency; (6) a party benefitting from the Order is a public entity or official; and
(7) the case involves issues important to the public.  *See Pansy v. Borough of Stroudsburg*, 23
F.3d 772, 787-91 (3d Cir. 1994);

(b)      For the following reasons, the balancing of the relevant private and public
interests weighs in favor of approving and adopting as an Order of this Court the parties'
Confidentiality Agreement;

(c)     First, certain of the documents and information the parties have requested or anticipate requesting from each other in discovery contain information that, if disclosed, likely would violate the privacy interests of at least the following people and/or entities:  (1) Defendant, whose confidential and proprietary documents and information appear in discoverable documents; (2) Plaintiff, whose personal and confidential information (including personnel and performance records) and financial information (including earnings and tax information) appear in discoverable documents; and (3) non-party students or employees of Defendant (current and former), whose confidential information (including personnel files) may be the subject of discovery;

(d)     Second, this is a single-plaintiff employment discrimination case, and the personal, confidential, and proprietary information belonging to Defendant, Plaintiff, and the non-party (current or former) students and employees of Defendant, is collateral to the core issues in this case, such that there is no legitimate need for this information to be made public in light of the claims and/or defenses of the parties;

(e)     Third, the disclosure of at least some of the personal, confidential and proprietary information sought to be protected by the Confidentiality Agreement (such as performance and other personnel information of Plaintiff and records relating to certain non-party (current or former) employees and students of Defendant, which may be discoverable in this case) would cause the parties and certain non-parties embarrassment;

(f)     No confidentiality protection is being sought by any governmental entity or official, the underlying litigation is not of importance to the public at large but merely a private dispute between a former employee and employer, and confidentiality is not being sought over information that is important to public health or safety;

(g)      Moreover, the Confidentiality Agreement sought in this case does not undermine fairness or efficiency in this case as evidenced by the consent of all parties to the request for entry of this Order and the Confidentiality Agreement;

(h)      The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice; and

(i)      This Court will, therefore, approve and adopt the Confidentiality Agreement.

It is hereby ORDERED that the parties' Confidentiality Agreement is APPROVED and ADOPTED as an Order of this Court.

BY THE COURT:

*/s/ Edward G. Smith*
The Honorable Edward G. Smith

3

## CONFIDENTIALITY AGREEMENT

WHEREAS, Plaintiff Kevin Shackles ("Plaintiff") and Defendant Empire Beauty School, Inc. ("Defendant") (collectively, Plaintiff and Defendant, the "Parties" and individually a "Party") have agreed that certain documents and information subject to discovery may contain personal, confidential and/or proprietary information, which should be afforded protection from public disclosure;

WHEREAS, certain of the documents and information the parties have requested or anticipate requesting from each other in discovery contain information that, if disclosed, likely would violate the privacy interests of at least the following people and/or entities:  (1) Defendant, whose confidential and proprietary documents and information appear in discoverable documents; (2) Plaintiff, whose personal and confidential information (including performance and other personnel information) and financial information (including earnings and tax information) appear in discoverable documents; and (3) non-party current or former students and employees of Defendant, whose confidential information (including personnel files) may be the subject of discovery;

WHEREAS, this is a single-plaintiff employment discrimination case, and the personal, confidential, and proprietary information belonging to Defendant, Plaintiff, and the non-party (current or former) students and employees of Defendant, is collateral to the core issues in this case, such that there is no legitimate need for this information to be made public in light of the claims and/or defenses of the parties;

WHEREAS, the disclosure of at least some of the personal, confidential and proprietary information sought to be protected by the Confidentiality Agreement (such as financial and earnings information of Plaintiff and the records relating to certain non-party (current or former)

students and employees of Defendant, which may be discoverable in this case) would cause the parties and certain non-parties embarrassment;

WHEREAS, no confidentiality protection is being sought by any governmental entity or official, the underlying litigation is not of importance to the public at large but merely a private dispute between a former employee and employer, and confidentiality is not being sought over information that is important to public health or safety;

WHEREAS, the Parties agree that disclosure of such documents and information will work a clearly defined and serious injury to the disclosing party, in accordance with the standard set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), unless disclosed in accordance with the terms of this Confidentiality Agreement;

NOW, THEREFORE, the Parties stipulate as follows:

1.      "Confidential Information" means any document, information, or testimony that contains:

(a)      confidential and proprietary documents and information of Defendant;

(b)      any Party's financial information (including Plaintiff's W-2 forms and tax returns and documents reflecting financial information of Defendant that are not publicly available);

(c)      Plaintiff's private medical information; or

(d)      records and information relating to current or former students and employees of Defendant who are non-parties to this case.

The categories of records listed in Paragraph 1(a)-1(d) above shall be deemed Confidential Information whether they are produced directly from third parties or whether they are included in the confidential records produced by the Parties.  Notwithstanding the foregoing, Confidential Information does not include information that is readily available to the public or is

rightfully acquired by any Party or counsel without restriction as to use or obligation as to confidentiality.  Such Confidential Information shall be used solely for the purpose of conducting this litigation and not for any business or other purpose whatsoever, and shall be subject to the terms of this Confidentiality Agreement ("Confidentiality Agreement").

2.      If a Party objects at any time to the designation of a document, testimony or information as "Confidential" (which right is hereby reserved), the Objecting Party shall notify the Designating Party of its objection in writing.  The Parties shall then endeavor to resolve any such disputes informally.  If the dispute cannot be resolved informally, either Party may apply to the Court by way of motion for a ruling as to the appropriateness of the designation in light of the terms of this Confidentiality Agreement, and based upon prevailing law.  Until the Court enters an order affecting the designation of the document, testimony or information, it shall be treated as "Confidential" in accordance with this Confidentiality Agreement.

3.      The Confidential Information shall not be disclosed, directly or indirectly, in whole or in part, in words or substance, except during the course of these proceedings and only to and among the following persons:

(a)      The attorneys and their clients and any respective agents of those clients, including employees under their direct supervision working on this litigation on behalf of any Party;

(b)      Any person employed by a Party, or retained by any attorney described in subparagraph (a) above, to assist as an expert in preparation of this litigation for trial;

(c)      Any employee of a Party who is required by such Party to work on this litigation, but only in connection with such work;

3/9

(d)     Any person whose testimony is or may be taken in this litigation, except that such person may only see and retain copies of the Confidential Information during or in preparation for their testimony or in discussions with persons described in subparagraphs 3(a) through (c) above regarding possible testimony, and may not thereafter retain any Confidential Information; and

(e)     Court officials involved in this litigation (including court reporters, operators of video recording equipment at depositions, and any Special Master appointed by the Court).

4.     Before disclosure of the Confidential Information to any person as permitted by the preceding paragraph 3 (other than the Court and its employees), such person shall read a copy of this Confidentiality Agreement and sign an Individual Confidentiality Agreement in the form attached hereto as Exhibit A.  Counsel obtaining such Individual Confidentiality Agreement shall retain the executed original Individual Confidentiality Agreement and shall forward a copy of the executed Individual Confidentiality Agreement to opposing counsel promptly following its execution.  The disclosure to the producing Party of the identity of persons to whom Confidential Information has been disseminated and a copy of the Individual Confidentiality Agreement for such person shall not constitute a waiver of any privilege which may be available to the receiving Party.  No Confidential Information shall be disclosed to any person who refuses to sign an Individual Confidentiality Agreement.  If any person who has signed an Individual Confidentiality Agreement refuses to comply therewith, or to knowledge of counsel, fails to adhere to the terms thereof, counsel shall make no further disclosure to such person, and shall immediately notify counsel for the producing Party.

5.     The receiving Party shall not duplicate any Confidential Information except working copies and for filing with the Court.

6.      Any person who makes any disclosure of the Confidential Information permitted under this Confidentiality Agreement shall advise each person to whom such disclosure is made of the terms of this Confidentiality Agreement.  This Confidentiality Agreement shall be binding upon the Parties, their officers, agents, independent contractors, servants, employees, and upon those persons in active concert or participation with them who receive actual notice of this Confidentiality Agreement, to the same effect and with the same authority as an injunctive order of this Court.

7.      At any deposition or portion thereof in which Confidential Information will be inquired into and/or disclosed, the producing Party may require the deposition witness and/or reporter to read and sign an Individual Confidentiality Agreement if he or she has not already done so.  Persons in attendance at depositions, other than those listed in paragraph 3 hereof, shall be limited at the request of the producing Party during the discussion of or disclosure of Confidential Information.  The producing Party shall have twenty (20) days after the deposition transcript has been made available to designate those portions of the deposition testimony or exhibits which they deem to contain or reveal Confidential Information and a notice of such designation must be promptly sent to opposing counsel and the court reporter.  Confidential Information shall not lose its confidential status by its use in other depositions, discovery, or court proceedings, and if filed with the Court, shall be filed under seal as set forth in Paragraph 8 below.

8.      Any Confidential Information to be filed with the Court shall be made by Motion to file under Seal pursuant to the Local and Federal Rules, and the Confidential Information shall be filed by placing an original and one copy of the document in separate plain envelopes clearly endorsed with the title of this civil action and case number, marked "SEALED DOCUMENT,"

with an original and copy of the Motion to Seal and "ORDER RE:  SEALED FILING" as set forth in Local Rule 5.1.5, or as amended.

9.      In lieu of filing any Confidential Information, a party may properly redact the document to remove any personal identifying information so as to avoid disclosure or harm to the producing party. If redaction cannot be made in a manner to avoid disclosure of Confidential Information, a Motion to file under Seal shall be made consistent with Paragraph 9 *herein*.

10.     Any Confidential Information which is submitted or presented to, or filed with the Court as a sealed document shall remain sealed pursuant to Local Rule 5.1.5, or as amended.

11.     Subject to the applicable rules of evidence, the Confidential Information may be offered in evidence at trial.  No later than ten (10) days prior to the pretrial conference in this case, any Party may move the Court for an order that evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  The particular Confidential Information, or portions thereof, for which protection is sought, shall be specified in the motion.  The Court will determine in its pretrial order whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

12.     The provisions of this Confidentiality Agreement shall not terminate at the conclusion of this litigation but shall survive the termination of the litigation.  Within sixty (60) days after final conclusion of all aspects of this litigation, the receiving Party shall use their best efforts to return to the producing party or destroy the Confidential Information and all copies of same (other than exhibits of record or any portions of an attorney file which are required to be maintained as per the State of Pennsylvania Ethics Commission).  The receiving Party shall make certification of compliance herewith and, if not destroyed, the Confidential Information

shall be delivered to the producing Party's counsel not more than sixty (60) days after final termination of this litigation.

13.     Nothing in this Confidentiality Agreement shall be construed in any way to control the use, dissemination, publication or disposition by the producing Party of the Confidential Information.  Nothing in this Confidentiality Agreement shall be construed as a waiver of any privilege and/or work product that may be applicable to any documents or information.  However, any publication by the producing Party of Confidential Information shall be a waiver of the confidential nature of that information placed in the public court record.

14.     Non-disclosure and Claw back agreement.

(a)     The inadvertent disclosure or production by any of the Parties to this Agreement of attorney-client privileged communications, attorney work product or any other documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery ("Privileged Information") shall not constitute a waiver of the immunity or privilege.

(b)     If a Party inadvertently discloses or produces Privileged Information, the disclosing Party shall promptly upon discovery of such inadvertent disclosure or production, inform the receiving Party in writing, and the receiving Party shall immediately destroy such Privileged Information and all copies thereof (as well as all notes or other work product reflecting the contents of such Privileged Information) or return such Privileged Information and all copies thereof (as well as all notes or other work product reflecting the contents of such Privileged Information) to the Party which inadvertently disclosed such Privileged Information, and shall delete such Privileged Information from any litigation support or other database or electronic medium.

(c)     No use shall be made of such Privileged Information during depositions or at trial or for any other purpose, nor shall it be disclosed to anyone who was not given access to it prior to the request to return or destroy it.

(d)     To the extent such Privileged Information may have been disclosed to persons other than authorized persons described in this Agreement, the receiving Party shall:  (1) promptly inform the disclosing Party of any disclosure to any non-authorized person and (2) make every reasonable effort to retrieve the information promptly from such persons to avoid further disclosure to non-authorized persons.

(e)     If the receiving Party discovers or reasonably believes that it has received Privileged Information, the receiving Party shall promptly (1) so advise the producing Party in writing, (2) refrain from further review of the Privileged Information, and (3) return such Privileged Information and all copies thereof within five (5) days of receiving a written request from the producing Party to return such Privileged Information, unless the receiving Party disputes the claim of privilege under Paragraph 14(f) below.  No Party to this action shall thereafter assert that such disclosure waived any privilege or immunity.

(f)     If a receiving Party of claimed Privileged Information disputes the privileged nature of the disclosure or production, such receiving Party shall bring the matter to the attention of the Court within seven (7) calendar days of the receiving Party notifying the producing Party of such a dispute.

15.     The Parties stipulate to the entry of this Confidentiality Agreement.

16.     This Confidentiality Agreement shall become effective immediately upon execution by the Parties regardless of whether the Court has approved and adopted it.

Agreed to this _____ day of August, 2021

**DUANE MORRIS LLP**

/s/ Caroline M. Austin
Caroline M. Austin, Esquire
Natalie F. Bare, Esquire
30 South 17th Street
Philadelphia, PA 19103
Tel.:  215-979-1887
Fax:  215-405-3936
*Attorneys for Defendant*


**MANSOUR LAW, LLC**

/s/ William P. Mansour
William P. Mansour, Esquire
1101 W. Hamilton Street, Suite 205
Allentown, PA 18101
Tel.:  610-321-3538
Fax:  610-798-1345
*Attorney for Plaintiff*

## <u>EXHIBIT A</u>
## <u>INDIVIDUAL AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION</u>

I have read and understand the Confidentiality Agreement in the case of <u>Kevin Shackles v. Empire Beauty School, Inc.</u>, Civil Action No. 5:21-cv-01587, pending in the United States District Court for the Eastern District of Pennsylvania.  A copy of the Confidentiality Agreement has been delivered to me with my copy of this Individual Agreement.  I agree to be bound by all the terms of this Individual Agreement.  I agree to be bound by all the terms of the Confidentiality Agreement and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as required by the Confidentiality Agreement.  I further agree and attest to my understanding that a breach of this Individual Agreement may be directly actionable, at law and equity, and may constitute a violation of the Confidentiality Agreement, and that if I fail to abide by the terms of the Confidentiality Agreement, or if I disclose or make use of any Confidential Information acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure.

Dated: _____

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City          State          Zip

_____
Employer